UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKEIM EL BEY,<br><br>   Plaintiff,<br><br>   v.<br><br>MATT HOLLINGSWORTH, SELECT PORTFOLIO SERVICES, INC.,<br><br>   Defendants. | No. 2:16-cv-02248 MCE GGH<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff sues in pro se for violations of the Fair Debt Collection Act, 15 U.S.C. section 1692, and the Fair Credit Report Act, 7 U.S.C. section 25. Defendants have pending Motions to Dismiss, ECF Nos. 6 filed by Select Portfolio Services, Inc. ["Select"], and 7 filed by Matt Hollingsworth ["Hollingsworth"], which were taken off the hearing calendar of December 15, 2016 and placed under submission on by Minute Order issued on November 30, 2016. ECF No. 15.

The subject of the suit is the action being taken by defendants to foreclose on a Deed of Trust entered between Home Funds Direct, Lender, and Howard Redmond ["Redmon"], Borrower on April 10, 2002, in which the Home Funds Direct provided $146,800 to assist Redmon to purchase property located at 8180 Ayn Rand Court, Sacramento, California 95828.

////

////

1  Exhibit A to Select's Request for Judicial Notice, Exhibit A. ECF No. 6-1.[1]

2  Plaintiff sues under the name Hakeim El Bey, apparently as a result of a "Name Declaration Correction" that changed his "wardship name," Howard James Redmond, to Hakeim El Bey, through a document filed in the Lawler County Georgia Superior Court on or about April 26, 2016.  Thus it is apparent that Hakeim El Bey is the "borrower" referred to in the Deed of Trust that underpins this action.

Plaintiff contends in his complaint that defendant is a "debt collector" and required to adhere to the federal statutes addressing debt collection practices, while Select claims that it is a mortgage servicer acting to enforce a deed of trust, not a debt collection enterprise.  Further, Hollingsworth claims that he cannot be sued personally in this action as he is not the actor in this scenario, Select is.  On these alleged facts defendants move to dismiss for failure to state a claim, F.R.Civ.P. 12(b)(6) and lack of personal jurisdiction (Hollingsworth).  F.R.Civ.P. 12(b)(2).  As it is apparent to the court that Select is, indeed a mortgage servicer, not a debt collector, and that Hollingsworth is not a proper defendant in this action, the court will recommend that the district court dismiss this action with prejudice.

## RULE 12(b)(6) STANDARDS

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.  Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  Lazy Y. Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[1] This document was recorded in the Sacramento County Recorder's Office on April 15, 2002 and is therefore judicially noticeable under Federal Rule of Evidence 201(b)(2).

570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." "Ashcroft v. Iqbal, 556 U.S. 662 (2009)." The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. *quoting* Twombly, 550 U.S. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief." Id. *quoting* Twombly, 550 U.S. at 557.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (2007) (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true." Iqbal, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Farm Credit Services v. American State Bank, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." Student Loan Marketing Ass'n v. Hanes, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562 *quoting* Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

With these standards in mind, this Court turns to defendant's challenges to the allegations in plaintiff's complaint.

////

////

DISCUSSION

A.   Liability under the Fair Debt Collection Practices Act ["FDCPA"]

The FDCPA regulates only debt collectors. 15 U.S.C. §§ 1692(e)-(f). Under this statute a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). This definition has been held not to "include the consumer's creditors, a *mortgage servicing company*, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); Ho v. Reconrust Co., 840 F.3d 618, 621 (9th Cir. 2016) (foreclosure action *per* se not subject to FDCPA)[2] In asserting that it is a mortgage servicing company, not a debt collector, Select refers to an attachment to plaintiff's "Complaint," [3] wherein it gave plaintiff notice that it had become the servicer on his mortgage at least as early as July 14, 2016, id. at 38, and in various of the documents referred to offered relief services offered to troubled borrowers, including the federal HAMP program, id. at 27, which is definitely not something a pure debt collector would have an interest in doing. Therefore, so long as Select became servicer on plaintiff's loan *before* it went into default, the FDCPA does not encompass its activities. See 1692a(6)(F)(iii) & (ii); Perry, 756 F.2d at 1208; *cf* Morgan c. U.S. Bank Nat. Ass'n., *2012 WL 6096590 at \*6 (N.D.Cal. 12/7/12)(the issue of assignment pre- or post-default does not apply to servicer acquisition). Plaintiff does not allege, nor does it appear he could allege,* that Select became a servicer solely for the purpose of collecting a debt after

---

[2] California's version of the act contains the same definition and exception as does this federal version. See RFDCPA, Cal.Civ.Code § 1788, et seq. and explicitly exempts the acts of recording and servicing a required notice of default and notice of sale from the RDFCA's scope.

[3] Plaintiff has filed an "Affidavit for Claim," rather than a Complaint, that has numerous documents attached but only the one referred to above regarding plaintiff's name change merits judicial notice. Nonetheless, the court will consider the attachment referred to since both plaintiff and defendants appear to rely upon it for one purpose or another.

4

property went into foreclosure.  See Casault v. Federal Nat. Mortg. Ass'n, 915 F.Supp. 1113, 1126 (C.D.Cal. 2012).

In order to properly frame a case under the FDCPA the plaintiff must allege specific facts to support his claim that the defendant is, indeed, a "debt collector."  In light of the foregoing this court finds that plaintiff has failed to allege a claim under the FDCPA and that any attempt to amend in order to do so would be futile.

B.    Liability Under the Fair Credit Reporting Act [FCRA]

This court will not address the presence or absence of facts to show an FCRA violation as to do so would be futile.  In fact, there is no private right of action available to address issues arising under this statute.

Plaintiff asserts that the defendants violated the FCRA by furnishing "information about claimant's payment status to consumer reporting agencies when they knew or consciously avoided knowing that the information was inaccurate. . . ."  ECF No. 1 at 10:26-28.[4]  In so alleging he cites variously to sections of the FDCPA such as 15 U.S.C. sections 1692(a)(6)(4) and 1681, neither of which are part of the FRCA which is codified in 15 U.S.C. section 1681.

Furnishers of information[5] are subject to two distinct duties under the FCRA.  Rieger v. American Exp. Co., 2011 U.S. Dist. LEXIS 123468, 2011 WL 5080188, *2 (N.D. Cal. Oct. 25, 2011).  First, under 15 U.S.C. § 1681s-2(a), furnishers have a duty to provide accurate information.  Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153-54 (9th Cir. 2009).  It is well-settled however, that there is no private right of action for violations of section 1681s-2(a). See 15 U.S.C. § 1681s-2(c) (stating that section 1681o, which confers a private right of action for the willful or negligent noncompliance with the FCRA, does "not apply to any violation of . . .

---

[4] It does not appear from his filed documents, including attachments that are not part of his complaint, that plaintiff was complaining that reported information was inaccurate, but rather he complains that nothing should have been reported insofar as he contests the existence of a debt for which he can be held responsible to Select in the first instance.

[5] The FCRA does not define the term "furnisher of information."  However, a plain reading of the statute suggests that the term refers to a person who provides information about a consumer to any consumer reporting agency. See 15 U.S.C. § 1681s-2; Gonzalez v. Ocwen Financial Services, Inc., 2003 U.S. Dist. LEXIS 28363, 2003 WL 23939563, at *2 n.5 (N.D. Cal. Dec. 2, 2003).

subsection (a) of . . . section [1681s-2]"); see also Gorman, 584 F.3d at 1154 ("Duties imposed on furnishers under [15 U.S.C. § 1681s-2(a)] are enforceable only by federal or state agencies."). Second, under 15 U.S.C. § 1681s-2(b), furnishers have a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency. Gorman, 584 F.3d at 1154. However, the duty to investigate is triggered "only after the furnisher receives notice of dispute from a [consumer reporting agency]." Id.; Matracia v. JP Morgan Chase Bank, NA, 2011 U.S. Dist. LEXIS 128227, 2011 WL 5374776, *3 (E.D. Cal. Nov. 4, 2011).

Plaintiff further alleges that defendants violated the FCRA by "fail[ing] to timely and adequately acknowledge, investigate, and respond to claimant's written requests for information about the servicing of an alleged loan and/or escrow account that he denies ever having had," ECF 1 at 11:25-28, by reference to 15 U.S.C. section 1692a, a provision of the FDCPA, and 15 U.S.C. section 6821, which is part of the Commerce and Trade addressing impermissible acquisition of customer information from a financial institution by false pretenses.[6] Plaintiff therefor fails to allege a subsection of the FCRA that would address this alleged violation, to the extent he is attempting to assert defendants are liable under 15 U.S.C. section 1681s-2(a) for failing to provide accurate information, there is no private right of action for violations of that section either. See Gorman, 584 F.3d at 1154. To the extent that plaintiff is attempting to allege a claim against defendants for failing to investigate disputed information upon receipt of a notice of dispute from a consumer reporting agency, plaintiff has failed to allege that defendant received notice form a consumer reporting agency or what procedures defendant failed to follow. Accordingly, the second cause of action fails to state a claim under the FCRA, 15 U.S.C. section 1681s-2(b).

CONCLUSION

A less stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, but simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod.

---

[6] Insofar as the court has concluded that the Select is a "servicer," any information it acquires from the financial institution holding the Deed of Trust would be a necessary element of fulfilling its duty to that institution.

1  Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a
2  cause of action within the court's original jurisdiction.  Id.  Defendant has alleged two claims but
3  has failed to meet the criteria for a viable claim under the circumstances existing n this case.
4      The entirety of plaintiffs complaint relies on his erroneous conclusion that defendant
5  Select is a "debt collector."  As demonstrated above, it is not a debt collector, it is a mortgage
6  supervisor and the exchange of materials between the parties that both advert to in their
7  Memoranda makes that conclusion inevitable.
8      District Courts need not provide opportunities for amendment, even under the less
9  stringent standard applied to pro se pleadings when to do so would constitute a futile act.  That is
10 the case here – any attempt to amend to bring the cause of action at issue here into conformity
11 with the law would be futile.
12     In light of the foregoing the Court recommends as follows:  **The complaint be dismissed**
13 **with prejudice**.
14     These findings and recommendations are submitted to the United States District Judge
15 assigned to this case, pursuant to the provisions of 28 U.S.C. section 737(b)(1).  Within thirty
16 (30) days after service of this Order plaintiff ma file written objections.  Such a document should
17 be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is
18 advised that failure to file objections within the specified time may waive her right to appeal the
19 District Court's Order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 Dated:  February 5, 2017

                                      /s/ Gregory G. Hollows
21                              UNITED STATES MAGISTRATE JUDGE